IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

MARK E. PUCKETT,                                                         2:11-cv-6250-SU

                 Plaintiff,                         FINDINGS AND RECOMMENDATION

      v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                 Defendants.
_____

SULLIVAN, Magistrate Judge:

*Pending Motion*

On September 19, 2012, this court reversed the Commissioner's determination of nondisability and remanded the matter for further proceedings under 42 U.S.C. § 405(g). *See Puckett v. Astrue*, No. 2:11-cv-6250-SU (D. Or. Sept. 19, 2012) (Opinion and Order Adopting, in part, Magistrate Judge's Findings and Recommendation). Puckett now applies for attorney fees and

1 - FINDINGS AND RECOMMENDATION

costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Puckett provides an itemization of the time and expenses expended on this case, and requests attorney fees in the amount of $12,049.62, and costs in the sum of $350. The Commissioner objects to Puckett's fee request based upon the number of hours expended and asks the court to reduce Puckett's fee award by 50%. (Def.'s Resp. 2, 4.)  For the reasons set forth below, the court recommends Puckett's motion for EAJA fees and costs be granted, in part, and denied, in part. Puckett should be awarded $10,428.61 in attorney fees, and $350 in costs.

*Legal Standard*

The EAJA authorizes federal courts to award attorney fees, court costs and other expenses when a party prevails against the United States in a proceeding for review of an agency action, unless the court finds "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). *See also Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010) (EAJA authorizes federal courts to award attorney fees, court costs and other expenses when a party prevails against the United States.).  The district court may award EAJA fees for attorney hours reasonably expended by plaintiff's counsel in the matter. 28 U.S.C. § 2412(d)(2)(A).

In *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), the Supreme Court determined the courts should apply what is now called the "lodestar" method to determine what constitutes a reasonable attorney fee under 42 U.S.C. § 1988, the fee shifting statue applicable in civil rights cases." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (citing *Hensley*, 461 U.S. at 433). To calculate the lodestar amounts, federal courts multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See id.* Counsel for the prevailing party must

exercise "billing judgment" and "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *See id.* The court must provide a "concise but clear explanation" of its reasons for a fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

*Discussion*

Puckett seeks an order approving, as reasonable and necessary, a total of 65.04 hours work at the rate of a computed range between $181.88-185.78 per hour[1] for a total fee award of $12,049.62. (Max Rae Decl. 2, Dec. 17, 2012.) Additionally, Puckett asks for reimbursement of the $350 fee paid to file this action in the United States District Court. There is no dispute in this case that Puckett is entitled to an award of attorney fees under the EAJA. (Def.'s Resp. 2.) Nor does the Commissioner challenge Puckett's requested hourly rates. Rather, the only contested issue before the court is the number of hours requested for the work in this case. Specifically, the Commissioner challenges Puckett's request for 18.58 hours to draft the Opening Brief, and 12.15 hours on the Reply Brief filed in this case. According to the Commissioner, the "administrative record was 498 pages and the legal issues were neither novel nor complex." (Def.'s Resp. 2.) The Commissioner also objects to the amount of time, 32.42 hours, Puckett expended on preparing his Objections to the Magistrate Judge's Findings and Recommendation issued in this case. The Commissioner points out Puckett prevailed before the Magistrate Judge, who ordered the case to be remanded for additional proceedings focused on Puckett's left should and a revised residual functional capacity ("RFC") determination. (Def.'s Resp. 3.) Nevertheless, Puckett filed a 40-page

---

[1] Puckett's hourly fees are adjusted for the cost of living since the implementation of the $125 per hour rate under the Equal Access to Justice Act. The computed amounts are based upon the non-seasonally adjusted Consumer Price Index. (Rae Decl. 2 -3; Supp. Brief 3.)

3 - FINDINGS AND RECOMMENDATION

objection "with respect to every issue raised in the opening and reply briefs." (Def.'s Resp. 3.) Although, Puckett's Objections filed with the Article III Judge did result in a broader remand, *i.e.*, the administrative law judge was ordered to also consider evidence related to Puckett's right foot condition, and assess whether his mental impairments would impact the RFC, Puckett did not receive his requested remedy; namely a remand for award of benefits. As a result, the Commissioner maintains Puckett's requested hours were not reasonably expended and, consequently, urges the court to reduce the requested fees by 50%. (Def.'s Resp. 4.)

Although the Commissioner suggests a range of 20 to 40 hours as reasonable in this case, the Ninth Circuit recently clarified it is "an abuse of discretion to apply a *de facto* policy limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases." *Costa*, 690 F.3d at 1136. Further, the court questioned "the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court." *Id*. Rather, the inquiry into the reasonableness of a fee request must be based upon the facts of each case. *Hensley*, 461 U.S. at 429. Thus, the court will determine the reasonableness of Puckett's request in light of the specific facts of this case.

Here, after reviewing the time records submitted by Puckett's counsel and the pleadings in this matter, the court finds the time requested by counsel to draft the Opening and Reply briefs is reasonable and supported by sufficiently detailed billing records. Apart from a bare assertion that "the administrative record was 498 pages and the legal issues were neither novel nor complex[,]" the Commissioner provides no reasons why the 30.73 hours expended by Puckett on both briefs in this matter should be considered unreasonable. In fact, the 30.73 hours is the mid-range, *i.e.*, 20-40 hours, of the Commissioner's requested hours for work on the review of an agency determination

of eligibility before the district court. In this instance, Puckett amassed additional hours by availing himself of his right to file Objections to the Magistrate Judge's ruling, and it would be inappropriate to limit his attorney fee request on this ground.

Nevertheless, the time sought by Puckett to prepare his Objections must still be reasonable. Based upon the record in this case, including a side-by-side comparison of Puckett's Opening Brief, filed before the Magistrate Judge, and his Objections, filed before the Article III Judge, the court finds Puckett's' request of 32.42 hours to prepare and file his Objections to be unreasonable. In fact, many of the legal arguments and analyses set forth in Puckett's Objections are included, *verbatim*, in his Opening Brief. (*Compare, e.g.,* Pl.'s Opening Brief 21-26 *with* Pl.'s Objections 27-33.) Accordingly, the court will reduce by one-third the hours sought by Puckett to prepare and file his Objections in this case. Specifically, Puckett asked for reimbursement of 32.42 hours at the rate of $184.23 for a total of $5,972.77. (Rae Decl. 3.) The court will reduce that amount by one-third or $1,971.01, and award $4,001.76, for that work. The remainder of Puckett's requested fees and costs should be awarded in their entirety.

*Recommendation*

Based upon the foregoing, Puckett's Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act should be GRANTED, in part, and DENIED, in part. Puckett should be awarded attorney fees in the amount of $10,078.61, and costs in the sum of $350, for a total award of $10,428.61. Further, subject to any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), payment of this award shall be made payable to Puckett's attorney, Max Rae, and sent to him at his address: Max Rae, P.O. Box 7790, Salem, OR

5 - FINDINGS AND RECOMMENDATION

97303-0175.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **March 4, 2013**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 13th day of February 2013

    /s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION